In re James W. FRACE, f/d/b/a Downeast Sport Shop, Debtor.

James W. FRACE, f/d/b/a Downeast Sport Shop and J. William Batten, Trustee, Plaintiffs,

v.

CANAL NATIONAL BANK, Defendant.

Bankruptcy No. BK79–206K.
Adv. No. 81–22.

United States Bankruptcy Court, D. Maine.

Jan. 18, 1982.

J. William Batten, Daviau, Jabar & Batten, Waterville, Me., for plaintiffs.

Gordon Scott, Lund, Wild, Scott & Goodall, Augusta, Me., for defendant.

## MEMORANDUM DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

James W. Frace, f/d/b/a Downeast Sport Shop, filed his petition in bankruptcy on April 11, 1979. On the date of filing, part of the estate consisted of inventory and equipment ultimately sold by the trustee, by permission of the Court, free and clear of liens with valid liens to attach to the proceeds. Defendant, Canal National Bank,[1] claims a properly perfected security interest in all of the personal property sold and, therefore, to all of the proceeds. The parties agree that no formal security agreement exists, but defendant maintains that its exhibits A through F are sufficient to constitute a security agreement within the meaning of Me.Rev.Stat.Ann. tit. 11, § 9–203(1)(b) (1964) (repealed and replaced by P.L.1977, c. 696, § 127). Defendant's exhibits consist of a promissory note signed by James W. Frace dated April 2, 1975, (Exhibit A); a loan agreement pertaining to a Small Business Administration, (herein "SBA"), loan signed by James W. Frace, undated, (Exhibit B); a certification and receipt pertaining to an SBA loan signed by James W. Frace, undated, (Exhibit C); a settlement sheet pertaining to an SBA loan

---

1. Canal National Bank is successor to Central National Bank.

signed by James W. Frace, dated April 2, 1975, (Exhibit D); an authorization approving lenders request for SBA guarantee of the loan not signed by James W. Frace, dated March 14, 1975, (Exhibit E); and a financing statement signed by both Frace and the lender, Central National Bank, dated April 9, 1975, filed in the Secretary of State's office on April 10, 1975, (Exhibit F). The parties stipulate the financing statement was timely filed, adequately described the property in question, and was signed by lender and borrower.

The only issue before this Court is what constitutes a security agreement sufficient to satisfy the mandates of Me.Rev.Stat. Ann. tit. 11, § 9–203(1)(b) (1964)?

The relevant portion of the Statute is as follows:

"[A] security interest is not enforceable against the debtor or third parties, unless . . . [t]he debtor has signed a security agreement which contains a description of the collateral. . . ."

 It is settled that a separate formal document entitled "security agreement" is not necessary to satisfy the signed-writing requirement Me.Rev.Stat.Ann. tit. 11, § 9–203(1)(b) (1964).[2] The requirements of Me. Rev.Stat.Ann. tit. 11, § 9–203(1)(b) (1964) are met if the evidence identifies the property secured beyond dispute, and if that evidence is in the form of signed writings sufficient to satisfy the Statute of Frauds.[3] Parol evidence cannot be used to establish the security agreement.

 · It is necessary to analyze defendant's exhibits A through F to determine if the evidence meets the criteria of adequate description of the collateral and a signed writing. All of the exhibits are signed by James W. Frace except the authorization approving lenders request for SBA guarantee of the loan, which is dated March 14,

1975, (Exhibit E). That document is an SBA document authorizing the SBA to guarantee the loan, and enumerates in detail all of the conditions of the loan by Central National Bank to James W. Frace, d/b/a Peter Webber 1 and 2. The document is so complete that if it were signed by the creditor, it would meet all of the requirements of a "security agreement."

Paragraph (c) reads as follows:

"(c) Loan conditions required by lender and SBA: 1. First security interest, under U.C.C. of Maine, in all furniture and fixtures, equipment (excluding automotive) accounts receivable and inventory now owned, to be acquired through loan proceeds and hereafter acquired."

Creditor has met the evidentiary requirement that there can be no dispute as to the identity of the property intended to be secured. Exhibit E is a precise description of the collateral. An examination of the certification and receipt signed by Frace (Exhibit C), and the loan agreement signed by Frace (Exhibit B) both incorporate by reference the authorization document dated March 14, 1975, (Exhibit E). Quoting from *In re Numeric Corp.*:

A writing or writings, regardless of label, which adequately describes the collateral, carries the signature of the debtor, and establishes that in fact a security interest was agreed upon, would satisfy both the formal requirements of the statute and the policies behind it.[4]

This Court is satisfied that defendant has met the burden of showing a series of writings signed by plaintiff adequately identifying the collateral.

The plaintiff in his brief placed great weight on the discrepancy of the date entered on the financing statement recorded in the Secretary of State's office on April 10, 1975, (Exhibit F). That document,

---

2. *In re Numeric Corp.*, 485 F.2d 1328 (1st Cir. 1973); *Casco Bank & Trust Co. v. Cloutier*, 398 A.2d 1224 (Me.1979).

3. Me.Rev.Stat.Ann. tit. 11, § 9–203 (1964), Comment 5.

4. *In re Numeric Corp.*, 485 F.2d at 1331.

above the signature lines, is dated April 9, 1975, while the note and other loan documents were dated April 2, 1975.

In *Casco Bank & Trust Co. v. Cloutier*, the only documents in evidence were the note and financing statement to satisfy the requirement of an "... interrelation as parts of the same transaction."[5] In this case, the financing statement is not necessary to show the interrelation of the documents because that interrelation is evidenced by Exhibits A through E standing alone. The fact that a different date appears on the financing statement than that which appears on the note and other exhibits is of no consequence in this case. The financing statement filed on April 10, 1975, satisfies the requirements of Me.Rev.Stat. Ann. tit. 11, § 9–402 (1964) (amended by P.L.1977, c. 696, §§ 144–47 and c. 702, § 1), and puts third parties on notice that the debtor named therein has given a security interest in personal property to the lender named therein. The third party then has the duty to inquire further as to the nature and extent of the security interest claimed by the lender. Such an inquiry would lead a third party to the loan documents, which reveal an unequivocal intent to create a security agreement.

This Court finds in favor of the defendant, Canal National Bank, trustee is to surrender to defendant the proceeds of the collateral.

Enter order.

**5.** *In re Casco Bank & Trust Co. v. Cloutier*, 398 A.2d at 1231 (footnote omitted).